Howe,, J.
The relator prays that a writ of mandamus may issue, d,i.reqted, to the Judge of tli,e Sixth District Court for the Parish of Orleans, commanding him to grant a suspensive appeal in the case of Robert E. Diamond v. George L. Cain.
The merits of this controversy for .office, are not involved in this application. , The only question is, ■ whether the defendant, relator in the proceeding at bar, is entitled, to a suspensive appeal from the judgment recited in his petition.
The judgment,reads as follows : “It is ordered, that the writ of quo warranto, issued in this case, be maintained, and it is ordered, adjudged and decreed, that Robert E. Diamond be recognized, as the legal Chief of Police of New Orleans, and that a writ of injunction issue, as prayed for in .the,petition in this case, commanding George L. Gain not to interfere *575 with the said Robert E. Diamond, in the discharge of his duties as Chief of Police of the city of New Orleans, upon said Diamond giving bond and security conditioned as tho law requires, in tho sum of two thousand dohars ; and further, that said George L. Cain pay all costs of this proceeding.” '
The respondent, in his answer to the application for a mandamus, makes several points, which we will examine in their order.
In the first place, it is urged, that the injunction mentioned in tho judgment, “was not ordered at the time of the filing of the petition, though, on the face of the papers, the plaintiff was entitled to it. A rule nisi was issued, directing the defendant to show cause by a given day why the injunction should not issue. After .answer of defendant the injunction was ordered to issue, but to this moment it exists merely as an interlocutory order, and has never been tried upon its merits, nor upon a rule-to set it aside.” * * * “Orders of this kind cannot be appealed from,” and therefore, that as the relator asked for a suspensivo appeal from the whole judgment, (and the judgment contains this unappealable portion,) it was properly refused.
We find it difficult to reconcile this reasoning with the undenied averment that the Judge was willing to grant a devolutive appeal j'for, if the reasoning be correct, a devolutive appeal should have been equally refused. It is not, however, in our opinion, correct. .Admitting tho premises, the conclusion by no means follows. If the order for an injunction contained in the -judgment be merely an interlocutory order, whose merits have never been discussed, it has no proper place in the judgment; it might as well, and perhaps with more propriety, have been written as a separate document, and its presence, in what purports to be a final judgment, can have no effect upon the right to an appeal from such judgment.
Again, it is urged that there was no evidence before the Judge, sufficient or competent, to show that the case involved an appealablo amount. We think this view erroneous. The affidavit which was presented to the Judge by the relator avers that the matter in disputo exceeds one thousand dollars; that relators’s interest in the suit exceeds one thousand dollars, and that a salary exceeding one thousand dollars per annum is annexed to each of the offices mentioned in the pleadings.
We think it well settled that in a controversy for office, when it appears that the office is worth more per annum than the sum required to give this court jurisdiction, an appeal will lie, (Hubert v. Aubray, 6 La. 598,) and that this showing may be made by affidavit, even after the case haS been brought up to this court, and a motion made to dismiss. Knight v. Smith, 3 M. 158. State v. Willz, 11 A. 440. And wé cannot agree with the respondent, that this showing can be made only in this court, and not in the court below. In the case of the State v. Hackett, 5 An. page 92, the affidavit that “ the matter in controversy amouiits'to' one thousand dollars,” was annexed to the petition of appéál, in the dourt below, and it was held that this court had juVisdictiofi. '
Nor do we think it a'Suffibieht answer1'ás to affi’óunt, to say, .that it is not shown how long the office has been''or is to be held, and'that it; therefore, does jiot app'eat that an appealable amount is involved ; for *576 not only is this position in apparent conflict with the views of this Court, as expressed by Mr. Chief Justice Martin, in Hubert v. Aubray, but we have the further statement in the affidavit, as in the case of the State v, Hackett, that the amount in dispute exceeds §1,000, and that relator’s interest in the suit exceeds §1,000. We consider the. last averment nufficient to sustain the appeal without reference to the time the office has been, or is to be, held.
It is urged again, that the suit in which the appeal is asked, was instituted under the provisions of “An act providing against usurpations, intrusions into, or the unlawful holding or exercising a public office or franchise in this State,” approved September 8, 1868, and also, under the act amending the above, approved October 15th, 1868 ; that the sixth section of both these acts require the immediate execution of the judgment of the court, if the judgment be that the plaintiff is entitled to the office, and not defendant who is in possession, because the language is that the plaintiff shall be entitled “to take upon himself the execution of the office that, although the twelfth section allows an appeal to this court, the language is not specific as to the character of the appeal, but merely provides that it shall be “ the same as in other cases ; ” that in construing the phrase, “ ‘the same as in other cases,’ the lespondent had before him the policy of the State, as shown in the Revised Statutes, pages 216 and 217, sections 41, 45 and 46 ; that in the matters of the claims to public offices, the litigation should end with the judgment of the court .of the first instance.”
The act of 1855, thus referred to as a guide in the interpretation of the twelfth section of the acts of 1868, provides that in cases of “contested .elections,” the decision of the District Court shall be final, (section 41,) and that the court shall have no power to grant a new trial as in other cases, and no appeal shall be allowed. (Sec. 45.) R. S. p. 217. Acts of 1855, p.. 415, 416.
The twelfth section of the amended act of 1868, reads as follows: “ That appeals to the Supreme Court may be taken from any of the actions provided for in the foregoing sections, the same as in other cases. But all such cases, shall take preference, when they come before the Supreme Court, overall other cases in the order of trial,, and shall be made returnable to the Supreme Court, either in New Orleans, or at one of its sessions in the country, on motion of either party. ”
Now, if the respondent be correct in his view that the phraso “ other cases ” in this twelfth section, may mean contested election cases, arising under the act of 1855, we must come to this conclusion, that the .Legislature has authorized an appeal in this case, and given it a preference on our docket, “ the same as in other cases,” in which no appeal is possible, and no preference desirable.
We do not feel constrained to adopt an interpretation, which would dead to such a conclusion. On the contrary, we think the phrase “the same as in other cases,” simply means that where the appeal is taken in due time, and with the furnishing of due security, it shall be suspensive, and, otherwise, (if taken in time for a devolutive appeal only)'devolutive.
Nor can we assent to the proposition contained in the answer, that the .right to a suspensive appeal is an exceptional one. ' As was said by this *577 Court in the case oí the State v. Judge of the Sixth Judicial District Court, 20 Ann. p. 529. “A careful examination of articles 564, 565, 575 and 580, of the Code of Practice, shows that the right to a suspensive appeal is the rule, and that it stays proceedings, save in cases specially excepted.”
And in answer to the further reason of the respondent, that the suspensive appeal was refused, because “ nothing in the record exhibited what the bond should be,” we refer to the same case in which this Court said, that in its opinion “a bond for a suspensive appeal could bo readily framed payable to the appellee in such amount as the court below should determine. ” The bond should be fixed in analogy with tho provisions of article 577 of the Code of Practice. Where a party is entitled to a suspensive appeal by reason of the amount in dispute, and yet, as in this case, has not been condemned to pay any specific sum, there is no precise standard fixed by law for the amount of the bond. It should be fixed by the Judge, (Blanchin v. Fashion, 10 A. 346,) and wo can see no difficulty in fixing it with a reasonable regard for the rights of the appellee, where the contest- is over offices whose salaries are easily ascertained.
Por the reasons given, it is ordered and adjudged, that the rule to show cause be made absolute, and that a peremptory mandamus issuo herein, as prayed for, and according to law, directing the Judge of the Sixth District Court for the parish of Orleans, to grant a suspensive appeal to this court, from the judgment rendered in the case of Robert E. Diamond, v. George L. Cain, No. 147, of the docket of said court, upon the defendant furnishing his bond with security in such sum as may be fixed by the Judge ; and that the respondent pay the costs of this proceeding.